

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-7-2009

# Lyou v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3615

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Lyou v. Atty Gen USA" (2009). *2009 Decisions.* Paper 2069.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/2069

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 06-3615

———————

HE-DONG LYOU, a/k/a
He-Dong Liu,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

———————

On Petition for Review of a Decision and Order of the
Board of Immigration Appeals
(BIA No. A70-836-550)

Immigration Judge:  Miriam Mills

———————

Submitted under Third Circuit LAR 34.1(a)
October 28, 2008

BEFORE:  SLOVITER and GREENBERG, <u>Circuit</u> <u>Judges</u>,
and IRENAS, <u>District</u> <u>Judge</u>*

(Filed: January 7, 2009)

———————

OPINION OF THE COURT

———————

*The Honorable Joseph Irenas, Senior Judge of the United States District Court for the
District of New Jersey, sitting by designation.

GREENBERG, <u>Circuit</u> <u>Judge</u>.

This matter comes on before this Court on a petition for review brought by He-Dong Lyou, a/k/a He-Dong Liu, of a decision and order entered July 11, 2006, of the Board of Immigration Appeals ("BIA"). Liu is a citizen of the People's Republic of China from Fujian Province who currently resides in the United States and is married to a naturalized United States citizen. Liu entered the United States without inspection in April or May 1993 prior to his marriage. Liu and his wife have three children born in this country.

After being served with an order to show cause initiating deportation proceedings against him on May 25, 1993, Liu filed an asylum application on July 16, 1993. His application, however, was futile because on his scheduled hearing date, December 8, 1993, although his representative was present, he did not appear and his representative did not present good cause explaining his absence. Consequently an immigration judge ("IJ") on December 8, 1993, ordered him deported. Liu did not appeal from that order, but, in fact, he was not deported as he simply ignored both the proceedings before the IJ and the consequences of his unauthorized presence in this country.

On November 11, 2005, Liu filed a motion to reopen and requested permission to file a successive asylum application with the Immigration Court. In his motion he indicated that he was seeking relief because there had been "changed factual conditions in [his] country of nationality that were unavailable at the previous hearing [and thus] he

2

deserve[d] a right to reopen his proceedings to have the new fact adjudicated." App. at 48. He also indicated that "[n]umerical and time limitations do not bar a respondent from filing a motion to reopen to apply or reapply for asylum or withholding of removal based on changed circumstances arising in the country of nationality." Id. His substantive basis for relief was his view that he was eligible for asylum because he had both "an objective and a genuine fear of persecution under Chinese birth control laws." Id. The Attorney General in his brief indicates that:

> Liu proffered as support with his motion to reopen the untranslated [Population and Family Planning Law ("PFPL"), John] Aird's general affidavit, 2003 and 2004 country reports, unpublished decisions of the [BIA] and Court[s] of Appeals for the Second and Third Circuits, and his affidavit in which he admitted that he did not appear for his hearing twelve years ago, and had been ordered removed in absentia.

Respondent's br. at 6. On January 9, 2006, an IJ denied the motion to reopen because, Liu without good cause, had not appeared at the original asylum hearing and, accordingly, had abandoned his claim for relief.

Liu appealed to the BIA which on July 11, 2006, by written opinion dismissed the appeal. In its decision the BIA acknowledged that there was no time limit "to apply for relief [if the application] is based upon changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous hearing." App. at 2. The BIA then indicated that Liu had not "established a prima facie eligibility for relief under the" PFPL and thus had not established prima facie

3

"eligibility for asylum, withholding of deportation or protection under the Convention Against Torture." Id. at 3-4.  Thus, it dismissed the appeal.  This petition for review followed.

The BIA had jurisdiction under 8 C.F.R. § 1003.2(c), and we have jurisdiction pursuant to 8 U.S.C. § 1252.  We review the decision and order under review on an abuse of discretion basis.  See Guo v. Ashcroft, 386 F.3d 556, 562 (3d Cir. 2004).

We have no quarrel with the legal basis underlying the BIA's substantive disposition of the matter holding that Liu did not establish a prima facie basis for relief. If the BIA was correct in that conclusion then no matter what the change of conditions had been in China since December 1993 the BIA rightly dismissed Liu's appeal.  As we indicated in Sevoian v. Ashcroft, 290 F.3d 166, 169 (3d Cir. 2002), the BIA may deny a motion to reopen if "the movant has failed to establish a prima facie case for the relief sought . . . ."

Nevertheless, we are constrained to vacate the decision and order of the BIA entered on July 11, 2005, on the basis of the standards in our opinion in Zheng v. Attorney General, No. 07-3122, __ F.3d __, __ 2008 WL 5006072 (3d Cir. Nov. 26, 2008).  The decision of the BIA in Liu's case did not cite or discuss a single document that he submitted with his motion to reopen other than the PFPL itself and thus the BIA simply did not address the record in the case.  While we recognize that in Zheng we were concerned with the record claimed by the petitioner to demonstrate a change in

4

circumstances, clearly our reasoning in <u>Zheng</u> applies to the record supporting a prima facie basis for relief as well.

For the foregoing reasons we will grant the petition for review, vacate the BIA's order of July 11, 2006, and remand the case to the BIA for further proceedings consistent with this opinion in which it should consider the evidence that Liu presented and its decision indicate that it has done so.